IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Crim. No. 05-20069-001

ROGER WILLIS                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Roger Lee Willis has filed a motion to suppress. A hearing was held on May 9, 2006. The parties submitted post-trial letter briefs, attached as "A" and "B." Trial is scheduled for June 5, 2006.

I set out the testimony of hearing witnesses Scott Campbell and Wayne Burnett, Fort Smith Police Department narcotics detectives. On July 22, 2005, the police department received a complaint from a neighbor concerning heavy traffic at a residence located at 7712 Euper Lane, Fort Smith. Campbell was placed in change of investigating the matter. The utilities of the residence were in the name of Keno Price. The vehicles regularly parked at the residence were a gray Pontiac Vibe registered to Willis and a dark blue Pontiac registered to Kadriedre Dickerson who also lived at the residence.

On July 25, 2005, Campbell received information from a confidential informant that Price and Willis both stayed at the Euper Lane address and were involved in crack cocaine activity. A controlled buy was planned for later in the day. Around 6:50 p.m., the confidential informant purchased crack cocaine from Keno Price in a carwash in Fort Smith. Price drove the Pontiac Vibe and the buy occurred inside the vehicle. Campbell had told Burnett in advance that Price would be

driving the Pontiac Vibe and Burnett understood this was the vehicle used by Price. Campbell, Burnett, and other officers surveilled the transaction which was videotaped. No arrest was made at that time.

The next morning, Campbell advised Price's parole officer of the controlled buy, and the two planned to meet at Price's residence to arrest him on a parole violation as well as the new drug offense. Other Fort Smith detectives had been called to be present. Campbell arrived around 10:25 a.m. before the other officers. While in the process of parking his unmarked vehicle, Campbell saw the Pontiac Vibe backing out of the driveway driven by a single black male. He assumed it was Price. Campbell followed the vehicle for 5 to 10 minutes in light traffic, radioing the police to stop the vehicle in a marked patrol car since it was against department policy to stop a citizen in an unmarked vehicle. At the stop scene, Willis, who was actually driving the vehicle, fled on foot and hid or scattered cocaine along the way. Willis was chased by law enforcement officers and eventually apprehended. Cocaine was collected from the escape path and notes of drug sales as well as cocaine were found in the gray Pontiac Viper.

Price and Willis do not look alike. Price is dark, wiry and small. He is 5'5" and weighs 130 pounds. Willis has a lighter complexion and is taller. Both have close-cropped hair. Campbell testified that he thought Price was driving the car. At the controlled buy, he observed that Price was a slender black male with close cropped hair and a fairly dark complexion. He had seen him several years ago when he was a bicycle policeman but only vaguely remembered him. He did not memorize his face at the controlled buy because he was some distance away. He also did not really concentrate on Price's face when he later in the day reviewed the videotape and he did not see any photographs.

Although other officers had recognized Keno during the controlled buy, Campbell planned to rely on the parole officer for a positive identification.

According to Campbell, even if he had been able to recognize Price on sight, he had no options while following Willis that would have allowed him to positively identify the driver. He could not tell the height and weight of the driver. The vehicle windows had factory tinting, preventing him from getting a good look at the driver from behind. Also, most of the streets were narrow, preventing him getting parallel with the driver. In any event, he did not want to be observed by the driver who might recognize him and race away.

The United States contends that the stop of the Pontiac Vibe driven by Willis was a permissible *Terry* stop. A law enforcement officer may stop and briefly detain a defendant for investigative purposes so long as he had a reasonable suspicion supported by articulable facts that criminal activity "may be afoot." *United States v. Johnson*, 64 F.3d 1120, 1124 (8th Cir. 1995)(quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). The court examines the totality of the circumstances to determine if the officers had a particularized and objective basis for suspecting legal wrongdoing. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). The "officer's suspicion is reasonable if the officer knows particularized, objective facts that lead to a rational inference that a crime is being or has been committed." *United States v. Hernandez-Hernandez*, 327 F.3d 703, 706 (8th Cir. 2003)(citing *Terry*, 392 U.S. at 21-22). Even a mistaken premise can justify a *Terry* stop if the officer does not know it is mistaken and acts reasonably. *See United States v. Bailey*, 417 F.3d 873, 877 (8th Cir. 2005).

Crediting the testimony of officers Campbell and Burnett, I find the stop of the Pontiac Vibe driven by Willis can be viewed a permissible *Terry* stop under the Fourth Amendment. Prior to

ordering the stop, Campbell knew that Price had committed a drug offense the day before while driving the vehicle. He also knew that Price regularly used the vehicle because he told Burnett that Price would show up in the vehicle. Campbell observed the drug deal and he and the parole officer made decisions to arrest Price. When Campbell arrived at the residence and observed the Pontiac Vibe backing out of the residence at the time that the parole officer and other officers were to arrive to arrest Price, it would have been reasonable for an officer to suspect that Price was again driving the vehicle and to follow the vehicle and order a stop of the vehicle to effectuate the arrest of Price for drug activity. Willis's conduct at the stop scene, along with the seizure of the cocaine he had discarded and the drug list and cocaine located in the car, provided probable cause for Willis's arrest. *Beck v. Ohio*, 379 U.S. 89 (1964); *United States v. Zavala*, 427 F.3d 562, 565 (8th Cir. 2005).

    Based on the above, I recommend that the motion to suppress be denied. Due to the impending trial date, the parties have until and including May 23, 2006, to file objections to this report and recommendation.

    DATED this 16th day of May 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE